FILED
**Mar 23, 2021**
**08:33 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Greg Hibbitts ) | Docket No. 2020-02-0384 |
| ) | |
| v. ) | State File No. 48762-2020 |
| ) | |
| Kim Royal d/b/a Royal Guttering ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Brian K. Addington, Judge ) | |

---

### Affirmed in Part, Reversed in Part, and Remanded

---

In this interlocutory appeal, the employee fell from a roof and reported back and neck pain. He was transported by ambulance to a local emergency room for treatment. In response to the employee's claim for workers' compensation benefits, the employer did not offer a panel of physicians, did not provide medical benefits, and has not responded in any way to the claim. In response to the employee's request for an expedited decision on the record, the trial court denied the employee's claim for medical and temporary disability benefits, concluding the employee had failed to provide adequate documentation regarding the nature of his injury, his need for medical treatment, or the extent or duration of any period of temporary disability. Employee has appealed. We affirm in part and reverse in part the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Philip R. Strang, Knoxville, Tennessee, for the employee-appellant, Greg Hibbitts

Kim Royal d/b/a Royal Guttering, Kingsport, Tennessee, pro se

### Factual and Procedural Background

In July 2020, Greg Hibbitts ("Employee") was working for Kim Royal d/b/a Royal Guttering ("Employer"), which is a company that installs and repairs gutters and roofs.[1]

---

[1] Because the trial court made an on-the-record determination, there is no transcript of any witness testimony. We have gleaned the facts of the case from the record.

As Employee was standing on a metal roof showing a co-worker how to remove debris from gutters, he slipped and fell approximately 15 feet to the ground.[2] According to the report of the Bureau of Workers' Compensation's compliance investigator, Employee apparently lost consciousness as a result of the fall and was transported by ambulance to a local emergency room. Although we have been provided no medical records, other documents in the record suggest Employee suffered a collarbone fracture and contusions on his head, chest, and right arm.

Following the initial emergency room treatment, Employee tried to determine whether Employer had workers' compensation insurance but apparently was unable to do so. As a result, he filed a petition for benefit determination, asserting "Employer [is] refusing to turn [claim] over to comp." On the dispute certification notice ("DCN"), the mediator assigned to the case indicated that "Employer has not responded to any of numerous phone calls and emails." Nevertheless, the record includes an attachment to the DCN entitled "Employer's Additional Defenses for DCN," which states that: (1) "Employee was an independent contractor"; (2) "Employee was seen smoking something in his truck prior to the accident"; and (3) "Employee was not supposed to be on the roof."[3] The Bureau's compliance investigator also attempted to contact Employer to no avail.[4]

After Employee filed a request for an expedited hearing on the record, the trial court issued an order denying Employee's request for medical and temporary disability benefits. The trial court reasoned that Employee had "failed to provide any medical records from the hospital documenting the nature of his injury, his treatment, or the need for continued medical treatment." The court also explained that Employee had "offered no evidence regarding any periods of temporary disability." Employee has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). However, a trial court's findings based upon documentary evidence is reviewed do novo with no presumption of correctness. *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and

---

[2] The petition for benefit determination indicates the accident giving rise to this claim occurred on July 15, 2020. The report of the Bureau's compliance investigator indicates the accident occurred on July 8, 2020 at a work site in Hickory Tree, Tennessee.

[3] The record is silent as to who communicated these defenses to the mediator on behalf of Employer.

[4] The compliance investigator noted that Employer had secured a policy of workers' compensation insurance in September 2019, and the policy was cancelled in January 2020 for nonpayment of premium.

application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

## Analysis

On appeal, Employee asserts the trial court erred in denying his request for medical and temporary disability benefits. We address each request separately.

### *Entitlement to Medical Benefits*

We have addressed an employee's entitlement to medical benefits previously. In *Lewis v. Molly Maid*, No. 2015-06-0456, 2016 TN Wrk. Comp. App. Bd. LEXIS 19 (Tenn. Workers' Comp. App. Bd. Apr. 20, 2016), we explained as follows:

> In *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015), we concluded that, at an expedited hearing, an employee need not prove each and every element of his or her claim by a preponderance of the evidence in order to obtain temporary disability benefits or medical benefits. Instead, we emphasized that an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *Id.* Thus, while an injured worker retains the burden of proof at all stages of a workers' compensation claim, a trial court can grant relief at an expedited hearing if the court is satisfied that an employee has met the burden of showing that he or she is likely [to] prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2014).
>
> However, "[t]his lesser evidentiary standard, . . . does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Therefore, in the present case, Employee had the burden of coming forward with sufficient proof that a work injury occurred, as defined in Tennessee

3

Code Annotated section 50-6-102(13) (2014), to allow the trial court to conclude she is likely to meet the preponderance of the evidence standard at a hearing on the merits.

*Id.* at \*5-6.  In the present case, the trial court determined that Employee had "provided uncontroverted evidence that he fell and was taken to a hospital."  Thus, we conclude the preponderance of the evidence supports a finding that Employee is entitled to a panel of physicians.

*Entitlement to Temporary Disability Benefits*

To qualify for temporary total disability benefits, an employee must establish: (1) that he or she became disabled from working due to a compensable injury; (2) that there is a causal connection between the injury and the inability to work; and (3) the duration of the period of disability.  *Jones v. Crencor Leasing and Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at \*7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015) (citing *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978)).  In the present case, Employee has offered no evidence establishing the occurrence or duration of a period of temporary total disability caused by the work accident.  Therefore, we conclude the trial court did not err in denying such benefits at this interlocutory stage of the case.

**Conclusion**

For the foregoing reasons, we affirm in part and reverse in part the trial court's expedited hearing order, and we remand the case.  Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Greg Hibbitts | ) | Docket No. 2020-02-0384 |
| | ) | |
| v. | ) | State File No. 48762-2020 |
| | ) | |
| Kim Royal d/b/a Royal Guttering | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 23rd day of March, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Philip Strang | | | | X | philip@foxandfarmer.com |
| Kim Royal | | | | X | kimroyal13@gmail.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene

Matthew Keene
Acting Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov